GOLDING BROS., DIV. OF W.R. GRACE & CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 76–12–02775

Before DICARLO, *Judge.*

(Decided February 5, 1985)

*Weltz, Stedina & Posner,* (*Herbert T. Posner*), for plaintiffs.
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, (*Susan Handler-Mena hem*), for the defendant.

DiCARLO, *Judge:* This action was filed after the denial of plaintiff's protests of the classification of woven fabrics from the United Kingdom under item 335.60, Tariff Schedules of the United States (TSUS).[1]

Summary judgment was denied when the Court found disputed issues of material fact. *Golding Bros.* v. *United States,* 6 CIT 118, Slip Op. 83–89 (August 22, 1983). The action is now submitted for decision on the basis of additional facts stipulated into evidence.

The protested classification provides:

Woven fabrics of vegetable fibers (except cotton)
335.60 * * * Fabrics, other than the foregoing, containing over 50 percent by weight of yarns which yarns are composed wholly or almost wholly of fibers not exceeding 5 inches in length and contain not less than 50 percent by weight either of man-made fibers or of man-made fibers and cotton.

General Headnote and Rule of Interpretation 9(f) (ii), (iii), TSUS, defines "wholly of" and "almost wholly of" as follows:

"wholly of" means that the article is, except for negligible or insignificant quantities of some other material or materials, composed completely of the named material;
"almost wholly of" means that the essential character of the article is imparted by the named material, notwithstanding the fact that significant quantities of some other material or materials may be present * * * .

Plaintiff acknowledges that the fabric contains over 50% by weight of man-made fibers or man-made fibers and cotton five inches or less in length and that between 78.5% and 89.1% of the fabric is composed of fibers which are not more than five inches in length.[2]

But, says plaintiff, it is not enough for classification under item 335.60, TSUS, that the fabric be wholly or almost wholly composed of fibers not exceeding five inches in length, and containing at least

---

[1] Plaintiff made 14 entries from July, 1971 through April, 1972; the merchandise was liquidated in 1974 and 1976; protests were filed in 1974 and 1976 and denied in July and August, 1976. Summons was filed in December, 1976.

[2] United States Customs Service laboratory tests were submitted by both parties.

fifty percent by weight of man-made fibers or man-made fibers and cotton. Plaintiff argues that "yarns" in item 335.60, TSUS, refers to two systems of yarns, a warp and a weft, which run perpendicular to each other in woven fabrics and that in order to come under the protested classification each yarn, both the warp and weft, must be wholly or almost wholly composed of fibers not exceeding five inches in length, and must each contain at least fifty percent by weight of man-made fibers or man-made fibers and cotton.

Plaintiff contends that since the weft yarn is composed of linen fibers over five inches in length and contains no man-made fibers or man-made fibers and cotton, its merchandise should not be classified under item 335.60, TSUS, but rather under item 335.90, TSUS, as "woven fabric: Other: Weighing over 4 ounces per square yard".

Plaintiff aruges that the legislative history of item 335.60, TSUS, supports its contention.

The Court disagrees. Nothing in the legislative history of item 335.60, TSUS, speaks of warp and weft yarns. In the materials relied upon by plaintiff, Congress used the term "yarn" and "yarns" interchangeably. *See, e.g.,* S. Rep. No. 1092, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Ad. News 2181; S. Rep. No. 530, 89th Cong., 1st Sess. 26, *reprinted in* 1965 U.S. Code Cong. & Ad. News 3416, 3440–41.

Congress, in Headnote 2(e), Schedule 3, TSUS, states "the term yarns includes threads, but does not include elastic yarns or any braids." There is no mention of warp and weft.[3]

Tariff terms are to be construed in accordance with their common and commercial meanings, which are presumably the same. *Nippon Kogaku (USA), Inc.* v. *United States,* 69 CCPA 89, 92, 673 F.2d 380, 382 (1982). *Webster's Third New International Dictionary* (1963) defines "yarn" as

> a continuous strand often of two or more plies that is composed of carded or combed fibers twisted together by spinning, filaments laid parallel or twisted together, or a single filament, is made from natural or synthetic fibers and filaments or blends of these, *and is used for the warp and weft in weaving and for knitting or other interlacings that form cloth* (emphasis added).

*Webster's* contains no separate definition for "yarns".

*See Geo. H. McFadden & Bros., Inc.* v. *United States,* 50 Cust. Ct. 133, 137, C.D. 2401 (1963) (citing authority to distinguish "yarns" and "filaments").

An affidavit by Arthur Price, Chairman of the Textile Science Department of the Fashion Institute of Technology, stipulated into evidence,[4] states:

---

[3] Headnotes "should be consulted in applying and construing TSUS provisions." 2 R. Sturm, *Customs Law & Administration* § 50.2 (3d ed. 1984); *see, e.g., United States* v. *De Laval Separator Co.,* 65 CCPA 48, 51, C.A.D. 1204, 569 F.2d 1134, 1136 (1978).

[4] This affidavit was submitted "subject to plaintiff's contention that the facts contained are precluded by defendant's answer to plaintiff's amended complaint." Stipulation of the Parties, ¶3.

Paragraph 8 of plaintiff's first amended complaint alleged that "[t]he imported fabric contains two yarns."

The term "yarn" means an assemblage of fibers conformed to make a thread like substance. When used in textile fabrics, the thread like substances are referred to as yarns.* * *

A woven fabric may be composed of approximately a thousand or more warp yarns and from ten to possibly one hundred or more weft yarns per inch, all interlacing at right angles.

It is generally accepted trade practice in the textile industry, when referring to yarns in a fabric, to mean all of the yarns. Where distinction between warp and weft yarns is intended, it is the practice to refer to each system distinctively. Therefore use of the term "yarns" means reference to all of the yarns in a fabric.

It is impossible for a woven fabric to have only two yarns.

The Court holds that the term "yarns" in item 335.60, TSUS, refers to all the threads in a fabric and not specifically to the "weft" and "warp"; that the merchandise is "wholly or almost wholly" composed of fibers less than five inches in length containing more than fifty percent manmade fibers or manmade fibers and cotton; and that the classification under item 335.60, TSUS, was correct.

IT IS HEREBY ORDERED that the action is dismissed.

---

Defendant's answer "[a]dmits that the imported fabric consists of a warp yarn and a weft yarn; otherwise denies." Plaintiff maintained that this answer admitted that "yarns" refers only to the warp and weft.

The Court disagrees with the plaintiff's interpretation of the answer. To settle the issue, defendant's motion to amend its answer was granted on November 27, 1984.

Plaintiff argued that to "allow defendant to amend its answer and thereby put in issue that which it had previously admitted would severely prejudice plaintiff and would compel plaintiff to seek to reopen this matter in an attempt to locate witnesses on this issue." Plaintiff's Memorandum in Opposition to Defendant's Motion for Leave to Amend its Answer, at 8. Plaintiff has not moved to vacate the Stipulation or otherwise informed the Court that this action is not ripe for decision.